IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARLTON STOKES, | * | |
| Plaintiff, | * | |
| v. | * | |
| | | Civil Action No. RDB-11-3398 |
| JAMES MATTEO JR., and | * | |
| MARYLAND TRANSIT ADMINISTRATION | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

*Pro se* plaintiff Carlton Stokes ("Plaintiff") has filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.* Plaintiff alleges that the Defendants Maryland Transit Administration ("MTA") and James Matteo, Jr., an investigator in MTA's Office of Fair Practices (together, "Defendants"), discriminated against the Plaintiff due to his race and disability when they discharged him and failed to hire him for another position. Currently pending before this Court is Plaintiff's Motion to Appoint Counsel (ECF No. 11) and Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 6). In support of their motion, the Defendants argue that because Plaintiff did not timely file his charge with the EEOC, the Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] The parties' submissions have been

---

[1] While the Defendants seek dismissal pursuant to Rule 12(b)(6), as discussed *infra* page 6, "[m]otions to dismiss for failure to exhaust administrative remedies" are governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure "for lack of subject matter jurisdiction." *Khoury v. Meserve*,

1

reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Plaintiff's Motion to Appoint Counsel (ECF No. 11) is DENIED and Defendants' Motion to Dismiss, or in the Alternative, Summary Judgment (ECF No. 6), construed as a Motion to Dismiss, is GRANTED.

## BACKGROUND

Plaintiff Carlton Stokes ("Plaintiff" or "Mr. Stokes") was a bus operator for Defendant Maryland Transit Administration ("Defendant" or "MTA") for seventeen years. As an MTA bus operator, Mr. Stokes was required to comply with Section 391.41 of the Federal Motor Carrier Safety Regulations. *See* Arbitration Decision by Arbitrator Margaret R. Brogan, Esq., Def.'s Attach. 3 at 2, ECF No. 6-3. Section 391.41(b)(3) states that an individual with "an established medical history or clinical diagnosis of diabetes mellitus requiring insulin for control is not physically qualified to drive a commercial motor vehicle." *Id.* Mr. Stokes signed a form indicating that he had read Section 391.41 and understood it. *Id.*

To remain employed with the MTA, Mr. Stokes was required to have annual medical examinations. *Id.* at 3. At three examinations, on April 26, 2006, April 25, 2007, and April 28, 2008, Mr. Stokes completed a Medical Examination Report that asked him to indicate whether he had diabetes and, if so, whether he was treating his illness with insulin. *Id.* On each of the three Medical Examination Reports, Mr. Stokes stated that he had been diagnosed with diabetes and was treating the illness with "diet" and "pills" rather than insulin. *Id.* Since at least May of 2006, however, Mr. Stokes had been treating his diabetes

---

268 F. Supp. 2d 600, 606 (D. Md. 2003).

with a drug called Lantus, which is a form of insulin. *Id.* at 4. Mr. Stokes did not report to the MTA that he was taking insulin until July of 2008. Compl. ¶ 6, ECF No. 1. He claims that he did not disclose this medical information before July of 2008 because he did not realize his insulin dependence would disqualify him from driving a commercial vehicle. *Id.*

On September 17, 2008, the MTA terminated Mr. Stokes for operating buses with a disqualifying medical decision and failing to provide truthful medical information to MTA doctors about his disqualifying medical condition. Arbitration Decision 2-3, 7. After his termination, Mr. Stokes applied for a job as a station attendant and was denied the position four times, on September 23, 2008, October 13, 2008, October 17, 2008, and January 10, 2009. Compl. ¶ 4.

Mr. Stokes's union, the Amalgamated Transit Union, Local 1300, challenged the MTA's termination decision through a grievance process established by the parties' collective bargaining agreement. After a hearing held on July 15, 2009, a neutrally selected arbitrator, Margaret R. Brogan, Esq. (the "Arbitrator"), upheld the MTA's decision to terminate Mr. Stokes. Arbitration Decision 2, 12. The Arbitrator found that Mr. Stokes knew that he was taking insulin and that his use of the drug would disqualify him from operating a bus. *Id.* at 8-9. Moreover, she found that Mr. Stokes had deliberately concealed this information, and that his actions had put himself and his bus passengers at risk. *Id.* at 9-10.

Over 300 days after his termination and the dates on which the MTA denied him a job as a station attendant, Mr. Stokes filed a discrimination charge with the United States Equal Employment Opportunity Commission ("EEOC") on December 28, 2009. Compl. ¶ 9. The EEOC dismissed his charge as untimely filed, and Mr. Stokes received Notice of

Right to Sue on August 22, 2011.  Dismissal and Notice of Rights Letter, Compl. Attach. 2.  On November 23, 2011, Mr. Stokes filed suit in this Court, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*

## STANDARDS OF REVIEW

### A. Motion to Appoint Counsel Under 28 U.S.C. § 1915(e)(1)

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances.  *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982).  The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant.  *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. District Court*, 490 U.S. 296, 298 (1989).  Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed.  *Id.*

### B. Motion to Dismiss Under Rule 12(b)(1) of the Federal Rules of Civil Procedure

Documents filed pro se are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).  A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint.  *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).  This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction,

or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F3d at 192. "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted). The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Sharafeldin v. Maryland Dept. of Public Safety & Correctional Services*, 94 F. Supp. 2d 680, 684-85 (D. Md. 2000).

ANALYSIS

I.   **Plaintiff's Motion to Appoint Counsel**

The first issue to be addressed is Plaintiff's Motion to Appoint Counsel. The power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and this Court must determine whether Mr. Stokes presents exceptional circumstances warranting the appointment of counsel. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch*

*v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). In this case, Mr. Stokes alleges violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.* Upon careful consideration of the motions and previous filings by Mr. Stokes, this Court finds that Mr. Stokes has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The issues pending before this Court are not unduly complicated, and no hearing is necessary to the disposition of this case. In conclusion, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Mr. Stokes under § 1915(e)(1).

## II.  Defendants' Motion to Dismiss

The Defendants argue that because Plaintiff did not timely file his charge with the EEOC, the Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As noted above, this argument should be asserted under Rule 12(b)(1) of the Federal Rules of Civil Procedure, because a motion to dismiss for failure to exhaust administrative remedies is an argument that this Court lacks subject matter jurisdiction. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003). A court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799.

A plaintiff's prerequisite to bringing a federal employment discrimination action is filing administrative charges with the EEOC or an authorized state agency. *Johnson v. State of Maryland*, 940 F. Supp. 873, 875 (D. Md. 1996) (citing 42 U.S.C. § 2000e-5(e)-(f); *Mickel v. S.C. State Employment Serv.*, 377 F.2d 239, 242 (4th Cir. 1967); *Maxey v. M.H.M., Inc.*, 828 F.

Supp. 376, 377 (D. Md. 1993)). Title VII establishes two potential limitations periods within which a charge of discrimination must be filed with the EEOC. *Edelman v. Lynchburg Coll.*, 228 F.3d 503, 506 (4th Cir. 2000). The general limitations period is 180 days after the alleged unlawful employment practice. *Id.* If, however, state law proscribes the alleged employment practice and the charge is first filed with a state deferral agency, then the limitations period is extended to 300 days. *Id.*; *see also Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 439 (4th Cir. 1998). Maryland is a "deferral state" in which the 300-day limitations period applies. *See, e.g.*, *Prelich v. Medical Resources, Inc.*, 813 F. Supp. 2d 654, 661-62 (D. Md. 2001). Accordingly, a plaintiff in Maryland has 300 days to file a charge with the EEOC. The Americans with Disabilities Act incorporates the procedural requirements of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 12117(a). "Timeliness requirements for an action alleging employment discrimination are to be strictly enforced." *Tangires v. Johns Hopkins Hosp.*, 79 F. Supp. 2d 587, 597 (D. Md. 2000). Accordingly,

In this case, Mr. Stokes failed to file a timely charge with the EEOC because he submitted his charge over 300 days after the dates on which the alleged unlawful employment practices occurred. Dismissal and Notice of Rights Letter, Compl. Attach. 2; Defs.' Mot. to Dismiss 5-6. Specifically, Mr. Stokes has challenged five employment practices as unlawful: his termination on September 17, 2008; and the MTA's failure to hire him for a station attendant position on September 23, 2008, October 13, 2008, October 17, 2008, and January 10, 2009. The "time limitations period commence[s] with the date of the alleged 'unlawful employment practice,'" and "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the

limitations period." *Del. State Coll. v. Ricks*, 449 U.S. 250, 261-62 (1980) (citations omitted). The period within which Mr. Stokes had to file his EEOC charge began, at the latest, on January 10, 2009, and ended 300 days later, on November 6, 2009.  Thus, more than 300 days had elapsed by the time Mr. Stokes filed his charge on December 28, 2009.  Because Mr. Stokes has not satisfied the prerequisite of filing his charge with the EEOC, this Court does not have subject matter jurisdiction over his claims.  *Johnson v. State of Maryland*, 940 F. Supp. at 875; *Davis*, 367 F. Supp. 2d at 799.  Accordingly, his complaint must be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Appoint Counsel (ECF No. 11) is DENIED, and Defendants' Motion to Dismiss, or in the Alternative, Summary Judgment (ECF No. 6), construed as a Motion to Dismiss, is GRANTED.

A separate Order follows.

Dated:      November 20, 2012            _____/s/_____

                                         Richard D. Bennett
                                         United States District Judge